```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENEFICIAL MUTUAL SAVINGS BANK,    :   CIVIL ACTION
                                   :   NO. 11-2348
          Plaintiff,               :
                                   :
     v.                            :
                                   :
ANGELICA J. PHILIPPOPOULOS,        :
                                   :
          Defendant.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              AUGUST 7, 2012

Beneficial Mutual Savings Bank ("Plaintiff") brought this diversity action against Angelica J. Philippopoulos ("Defendant") for entry of judgment pursuant to a confession of judgment Defendant executed in favor of Plaintiff. The Court entered judgment in favor of Plaintiff based on the confession of judgment. Defendant now moves to strike or open the judgment and to stay certain discovery. For the reasons that follow, the Court will deny both motions.

I.   **BACKGROUND**

On September 18, 2008, Plaintiff extended a construction loan ("the Loan") to Wilson Development Associates, L.L.C. ("WDA"), in the principal amount of $12,375,000, secured by the guarantee of Defendant and a mortgage on certain real

property. Compl. ¶ 4; Construction Loan Agreement 1 (Sept. 18, 2008), Compl. Ex. A; Line of Credit Note 1, Compl. Ex. B. On that same day, Defendant executed and delivered to Plaintiff two documents to induce Plaintiff to make the Loan. First, Defendant executed a personal guaranty ("the Guaranty") under which she became the unlimited and unconditional surety for all obligations, indebtedness, and liabilities of WDA. Compl. ¶ 5; Guaranty and Suretyship Agreement ¶¶ 1-3 (Sept. 18, 2008), Compl. Ex. C. Second, Defendant executed a warrant of attorney to confess judgment ("the Warrant"), under which Defendant authorized confession of judgment in favor of Plaintiff and against Defendant in the event of breach or default of the Loan, the mortgage securing the loan, or the Guaranty (collectively, "Loan Documents").[1] Compl. ¶ 6; Warrant of Attorney to Confess Judgment 1 (Sept. 18, 2008), Compl. Ex. D.

---

[1] The Warrant provides in part:

> Borrower and Guarantor [Defendant] do hereby authorize you [Clerk or any attorney of any court of law in Pennsylvania] to appear for Borrower or Guarantor one or more times in any court of competent jurisdiction, in case of breach of the conditions or obligations contained in the Loan Documents or upon the occurrence of an event of default, and to confess judgment for the principal debt, interest and costs due under the Loan Documents against the Borrower or Guarantor for which this instrument (or a copy hereof verified by affidavit of Lender or anyone authorized to make such affidavit on behalf of Lender) shall be a sufficient warrant, without any prior writ or proceeding whatsoever.

WDA is in default on the Loan. Compl. ¶ 7. The amount of $10,716,995.16 is due immediately to Plaintiff, and interest continues to accrue at a per diem rate of $1,026.19. Compl. ¶¶ 7-8.

On April 4, 2011, Plaintiff filed a Complaint in Confession of Judgment against Defendant that demands judgment against Defendant. Compl. ¶ 15. On May 4, 2011, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $10,716,995.16, with continuing interest at a per diem rate of $1,026.19. Judgment 1, ECF No. 7.

On June 14, 2011, Thomas D. Bielli, Esquire, noticed his appearance on behalf of Defendant. Notice 1, ECF No. 9.

On March 1, 2012, Plaintiff's counsel issued a subpoena duces tecum against Defendant. Mot. to Stay Ex. A, ECF No. 12. The subpoena commands Defendant's appearance at a deposition at a location in Stamford, Connecticut, and demands production of certain financial documents. Id.

On March 20, 2012, Defendant moved to strike or open the confessed judgment, Mot. to Strike or Open Confessed J. 1, ECF No. 11, and moved to stay her deposition, Mot. to Stay 1.

---

Warrant 1.

**II. DISCUSSION**

Defendant moves to strike or open the judgment and to stay certain discovery. The Court will deny both motions.

A. <u>Motion to Strike or Open Confessed Judgment</u>

In certain circumstances, a party may move for relief from a final judgment. Fed. R. Civ. P. 60(b). Although the Federal Rules of Civil Procedure do not expressly provide a mechanism for striking or opening a confessed judgment, Rule 60(b) procedurally governs an attack on a judgment entered by confession in federal court. <u>Resolution Trust Corp. v. Forest Grove</u>, 33 F.3d 284, 288 (3d Cir. 1994). Therefore, a party seeking relief from a confessed judgment must do so by filing a motion to strike or open the judgment. <u>Ohio Cas. Ins. Co. v. LRS Constr., Inc.</u>, No. 07-331, 2008 WL 4533677, at *2 (W.D. Pa. Oct. 3, 2008); <u>see also</u> Pa. R. Civ. P. 2959(a)(1). Given that confessions of judgment are a creature of state law, state law governs the substantive aspects of the motion. See <u>Ohio Cas.</u>, 2008 WL 4533677, at *2.

Defendant raises two arguments in support of her Motion to Strike or Open the Confessed Judgment: (1) that Plaintiff did not properly serve Defendant with the Complaint; and (2) that a certain post-judgment agreement is not

enforceable for lack of consideration. Both arguments lack merit.

      1.    <u>Service of Complaint</u>

First, Defendant argues Plaintiff did not properly serve the Complaint pursuant to Federal Rule of Civil Procedure 4(e). Plaintiff filed an Affidavit of Service attesting that, on May 3, 2011, a process server personally served copies of the Complaint in Confession of Judgment and Notice under Pennsylvania Rule of Civil Procedure 2958.1 on Defendant.[2] Aff. of Service 1, May 6, 2011, ECF No. 8. An exhibit attached to the Affidavit of Service describes the person who received the Complaint and Notice as a sixty-five-year-old, five-feet-and-four-inches-tall female. <u>Id.</u> Ex. A. Defendant attaches an affidavit to her motion swearing that "[she] was never

---

[2] A judgment creditor may execute on a confessed judgment by filing a praecipe for a writ of execution. Pa. R. Civ. P. 2956.1(c), 2957. However, a judgment debtor must be served with written notice at least thirty days before the filing of the praecipe for a writ of execution. <u>Id.</u> 2958.1(a).

The record does not reflect, nor do the parties assert, that Plaintiff executed on the confessed judgment. Nor does the record reflect that Plaintiff sought to execute on the judgment by filing a praecipe for a writ of execution. At most, Defendant asserts that Plaintiff represented to Defendant that "[Plaintiff] intended to move forward to exercise its rights and remedies." Mot. to Strike or Open Confessed J. 2. Defendant never refers to any attempt to execute on the confessed judgment against Defendant and fails to even refer to Rule 2958.1.

personally served the Summons in this matter."[3] Mot. to Strike or Open Confessed J. Ex. G. And her attorney represents that Defendant stands five-feet-and-nine-inches tall and is approximately forty-years old. Id. at 4.

Defendant's argument is unavailing. Defendant waived her right to challenge entry of confessed judgment based on lack of service. That is, Defendant consented to entry of confessed judgment without notice or an opportunity to object.[4] Waiver 2. And Defendant does not now claim that her waiver is invalid or unenforceable.[5]

---

[3]     Indeed, the docket in this case does not reflect that the Clerk issued a "summons," nor does Pennsylvania law require issuance of summons before entry of a confessed judgment.

[4]     Specifically, Defendant made the following waiver:

> The undersigned waives and releases Lender and said attorneys from all errors and defects whatsoever of a procedural nature in entering any such action or judgment, or in causing any such writ or process to be issued, or in any proceeding thereon or concerning the same.
>
> . . . .
>
> THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT JUDGMENT MAY BE ENTERED AGAINST THEM WITHOUT NOTICE OR OPPORTUNITY TO OBJECT, AND THAT THEY HAVE CONSULTED WITH AN ATTORNEY REGARDING THE LEGAL EFFECT OF THE PROVISIONS OF THIS WARRANT.

Warrant 2.

[5]     Defendant did not move to strike or open the confessed judgment on grounds that the Warrant, much less any of the Loan Documents, is invalid or unenforceable, that the judgment was

6

Indeed, requiring formal service of the Complaint would be inconsistent with the essential purpose of the Warrant. That is, Defendant, in the Warrant, authorized any attorney of any court of law in Pennsylvania to appear <u>on her behalf</u> in the event of a default and to confess judgment for the debt due against her. Defendant has not pointed to any authority suggesting that failure to serve the judgment debtor with the Complaint and notice, before entry of the confessed judgment, under the Federal Rules of Civil Procedure is a valid ground to strike or open a confessed judgment, regardless of whether the debtor waives all procedural defects relating to, and notice of, the confessed judgment.[6]

---

confessed outside of the authority granted in the Warrant, or that the Loan is not in default.

[6] In fact, at least one court has recognized just the opposite proposition:

> The agreement to confess judgment obviates the necessity for a formal commencement of action, service of process, pleading, a trial of the issues and judicial determination thereof. An authorization to confess judgment is in fact a waiver of the provisions of the aforesaid Rules governing the steps taken through the rendition of judgment as to the amount of the debt which is due. Such a waiver is in no way incompatible with the Rules which, to the extent they have not been waived, continue in effect as to the Clerk's ministerial duty of recordation or entry of the confessed judgment, and as to any post judgment proceedings such as stay of enforcement, execution, relief from judgment, appeal, etc.

<u>Nat'l Leasing Corp. v. Williams</u>, 80 F.R.D. 416, 418-19 (W.D. Pa. 1978).

Nor is Defendant's waiver, as applied here, inconsistent with due process. A judgment debtor may waive his right to notice and an opportunity to be heard before judgment is confessed against him, consistent with due process, so long as he knowingly and voluntarily waives his rights. Choi v. Kim, 50 F.3d 244, 249 & n.10 (3d Cir. 1995). Here, Defendant does not argue the Warrant was coerced or that her consent was not knowing and voluntary. Nor does Defendant argue she lacked notice and an opportunity to be heard before execution of the judgment.[7] Therefore, Defendant's waiver was proper and did not offend her constitutional right to due process. See id.

2. Post-Judgment Agreement

Second, Defendant argues that a certain Letter Agreement is unenforceable against Plaintiff for lack of consideration.[8] Plaintiff, Defendant, and WDA entered into a

---

[7] In fact, Defendant's counsel entered his appearance after entry of the confessed judgment and Defendant has even taken measures, albeit unsuccessfully, to settle the defaulted debt. See infra note 9.

Furthermore, Plaintiff made other efforts, apart from personal service, to serve Defendant. On April 5, 2011, Plaintiff served a copy of the Complaint and Rule 2958.1 notice by Certified Mail, Return Receipt, and by First Class Mail. Aff. of Service 1, Mar. 27, 2012, ECF No. 17. The Certified Mail package was returned as "unclaimed." Id. The First Class Mail package was not returned. Id.

[8] Defendant attached a Letter Agreement between Plaintiff, Defendant, and WDA, dated February 2, 2012. Mot. to

8

Letter Agreement where, inter alia, Defendant agreed that Plaintiff properly served the Rule 2958.1 notice, which is required prior to execution on the confessed judgment.[9] The alleged relevancy of the Letter Agreement to these claims is unclear, but, in any event, Defendant's reliance on any terms of the Letter Agreement is meritless.

      First, Defendant's stipulation to Rule 2958.1 notice for purposes of execution on the confessed judgment in the Letter Agreement is irrelevant to Defendant's argument that Plaintiff failed properly to serve Defendant before entry of judgment by confession. Second, as Defendant herself argues, the

---

Strike or Open Confessed J. Ex. F. The letter provides that Plaintiff obtained confessed judgments against WDA and Defendant. Id. at 1. Plaintiff obtained a judgment against WDA in the U.S. District Court for the Eastern District of Pennsylvania (Civil Action No. 11-2347), which was then transferred to the U.S. District Court for the District of New Jersey (Civil Action No. 11-168). Id. at 1-2. Plaintiff executed on the WDA judgment through a U.S. Marshal's sale of the real property mortgaged to secure the Loan. Id. at 2. The Letter Agreement does not indicate Plaintiff has yet attempted to execute on the confessed judgment against Defendant.

[9]     In the Letter Agreement, WDA and Defendant agreed, inter alia, to pay Plaintiff a reduced settlement amount of $6,275,000, and Plaintiff agreed to continue the U.S. Marshal's sale of the mortgaged property. Mot. to Strike or Open Confessed J. Ex. F, at 2. Furthermore, WDA and Defendant affirmed that all Rule 2958.1 notices were timely and properly issued and served. Id.

      Defendant represents that the reduced payment was not made pursuant to the Letter Agreement because WDA declared bankruptcy, and Plaintiff, therefore, informed Defendant and WDA that it would exercise its rights under the confessed judgments. Mot. to Strike or Open Confessed J. 2.

Letter Agreement is unenforceable for lack of consideration. Defendant does not argue that the Guarantee, the Warrant, or any other Loan Documents for that matter, lacked consideration, which would, of course, be a relevant argument on a Rule 60(b) motion. See Resolution Trust, 33 F.3d at 292 (noting that failure of consideration for surety agreement is "meritorious defense for which a confessed judgment can be opened"). And Defendant fails to explain how the allegedly unenforceable agreement the parties formed after the entry of confessed judgment has any bearing on the validity of the judgment confessed in this action. In fact, it is difficult to imagine a proper purpose for advancing such an argument but to harass or unreasonably and vexatiously multiply the proceedings. See Fed. R. Civ. P. 11(b)(1); 28 U.S.C. § 1927 (2006).

Therefore, the Court will deny Defendant's Motion to Strike or Open Confessed Judgment.

B.  Motion to Stay Discovery

Plaintiff served a subpoena duces tecum on Defendant that commands her appearance at a location in Stamford, Connecticut, and demands the production of certain financial documents. Defendant argues that the Court should stay her deposition because "such production of documents and deposition would become irrelevant should this Court rule to strike the

confessed judgment." Mot. to Stay 2. Because the Court will not strike or open the confessed judgment, the Court will deny the Motion to Stay.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Strike or Open Confessed Judgment and deny the Motion to Stay. An appropriate order will follow.